JACOB L. COBB, plaintiff in error, *vs.* F. B. MORRIS *et al.*, executor, defendants in error.

Whether an award be illegal or not upon its face, is a question of law for the Court, and is not an issue to be submitted to a jury.

In an issue formed upon an allegation that an award of arbitrators was made under a mistake of the arbitrators, the general merits of the controversy are not in issue, and it falls upon the party attacking the award to show the fact of the mistake, and it is not enough to show that the weight of testimony is against the award, and from thence infer a mistake.

When there is a suit pending, and one of the parties dies, and the controversy is submitted to arbitration, between the survivor and the representative of the deceased, and there is an issue formed in the Superior Court, under the Statute to prevent the award from being made the judgment of the Court, the surviving party is not a competent witness for himself.

Arbitration. Party as a witness. Before Judge HARRELL. Randolph Superior Court. November Term, 1870.

On the 17th of June 1859, Jacob L. Cobb and James Morris, became partners as negro-traders. On the 22d of June 1860, the business was continued by new articles of partnership. In July 1864, Morris filed a bill against Cobb, to compel discovery and an account and settlement of said business, and of a mercantile partnership arising in 1862, out of Cobb's having bought goods on joint account with funds, etc., furnished under said articles of 22d June, 1860. Under it a Receiver took charge of the goods. Cobb answered denying indebtedness. James Morris died, and Thomas Morris and Franklin Morris became his executors, and on November, 1865, were made complainants in his stead. In January 1866, they amended the bill, and on the 27th of January, 1866, said executors and Cobb, submitted to arbitration "all questions involved in the bill and answer," that they be "fully and finally disposed of and settled," that thus the property in the hands of the Receiver should be disposed of fully and finally and "all questions arising as to the rights and liabilities of the parties for property, which by any means, might have been received by either from said Receiver, should

be fully and finally adjudicated. J. A. R. Hanks, on the part of complainants, W. K. Moore on the part of defendant, and E. S. Barclay or C. D. McCutchen, selected as third arbitrator, were to make such award. They were to be controlled by the Arbitration Act of 1856, as amended and published in the new Code of Georgia.

In November, 1866, said arbitrators sat for the hearing of said matters, and heard the evidence *pro* and *con.* Before them, Cobb testified as a witness in his own behalf and his answer was treated as evidence for him.

The award was that Cobb should pay complainants $1,486-55, that a Receiver to be appointed by the Superior Court should take the goods and assets from the old Receiver (against whom both parties alledged that he had wasted their goods,) convert the same into cash, and pay the expenses of this litigation first, and then the firm debts *pro rata,* that neither Cobb nor Morris' estate should ever after account for what either had taken from the old Receiver, and that a certain draft of $30,000 00 belonged to said estate exclusively. They added that thus they had disposed of all matters submitted, except a claim of Cobb on one Rower for about $1,000 00 ; as to that they said in the award : "Not being able to decide from the evidence submitted whether the executors of Morris shall account for said claim or not, it is therefore not considered or embraced in this award."

This award was entered upon the minutes of the Superior Court of said county at November Term, 1866. Thereupon Cobb's counsel filed exceptions to said award, to prevent its becoming the judgment of the Court. These consisted of a general averment that the partnership made no money, and of seventeen different allegations of facts shown on the trial before the arbitrators, with an averment that the arbitrators "by mistake," did not give proper weight to said facts, and further, that the award was illegal because "by mistake" the arbitrators did not settle the question as to the said claim of Cobb on one Rower. Complainant's solicitors joined issue upon said suggestions, and the cause was submitted to a jury.

Cobb's counsel read the answers of a witness to show that

Cobb *vs.* Morris *et al.*

in May, 1864, James Morris accounted with Cobb, and fell in his debt $32,000 00 or $38,000 00, besides certain promissory notes amounting to $2,027 00 and two receipts, one for $10,000 00 and the other for $4,000 00.  He examined the said Receiver, and showed by him the disposition of certain of said partnership property which had come to his hands as Receiver.  Certain promissory notes and receipts showing indebtedness of James Morris to Cobb were read to the jury.  Cobb was then offered as a witness in his own behalf.  Counsel for defendant in error said in argument here, that he was offered as a witness not of what occurred before the arbitrators but of indebtedness of James Morris to himself.  Cobb's counsel said he was offered to prove that the arbitrators had made mistakes of facts in said matter.  The record is silent on this point.  Complainant's counsel objected to Cobb as a witness because James Morris was dead, and the Court refused to allow him to testify.  Without more, counsel for Cobb closed.  Complainant's counsel offered no evidence.

The verdict was in favor of the award.  Thereupon Cobb's counsel moved for a new trial upon the grounds that the Court erred, in refusing to allow Cobb to testify in his own behalf, and because the verdict was contrary to law, and strongly and decidedly against the weight of the evidence.  The Court refused a new trial, and that is assigned as error on said grounds.

R. S. WORRILL, J. L. WIMBERLY, for plaintiff in error.

H. FIELDER, for defendants.

McCAY, J.

This was a motion for a new trial on the ground that the jury found contrary to the testimony, and because the Judge erred in holding Cobb an incompetent witness in his own behalf.

The sole issue before the jury was whether the arbitrators had made certain specified *mistakes,* in making up their award.  One of the *mistakes* alledged was that the arbitra-

tors had failed to pass upon one of the matters submitted, as appears by the award upon its face; this was done deliberately, there was no mistake about it. They expressly say they do not pass upon it. The parties to the submission are left as to this item as they were. Were the question made to the *Court* as a ground of objection to the award, we are not prepared to say it would not be a good objection. But the error complained of is, that the jury found contrary to the evidence, because they did not find the issue of mistake, or no mistake in favor of the plaintiff in error. There was *no* evidence on *this* point before the jury.

This case seems to have been brought here on a mistaken conception of the character of the proceeding provided for under the 4184th, and 4185th section of the Code. It is contended that the trial before the jury is a new appeal from the judgment of the arbitrators, and that the whole case is to be gone into *de novo*, as in the case of an appeal from a petit to a special jury. We do not so understand the law. Taking the two sections together, it is clear, that to prevent the award becoming the judgment of the Court, the party objecting must set up that the award was the result of "accident, mistake, or fraud, or some one or all of the arbitrators or parties."

How is this to be done? We held in the case of *Schaffer & Co., vs. Baker & Carswell,* 38 *Geo.,* 135, and in the case of *Brown & Sharp, vs. Loyless,* at the last term of this Court, that there must be *distinct specifications,* setting forth the fraud, accident or mistake. Issuable facts must be stated, not surmises and inferences. Issue is to be joined on *these specifications;* these issues are to be submitted to a jury, and they are to find for or against the award *on these specifications.*

In this case, there was no attempt to prove any specific mistake. The effort seems to have been to detail to the jury the whole evidence, or rather to go into the investigation *de novo*, with the idea that the case was so strong against the award, as to justify the inference of mistake in the arbitrators. We do not think *mistake* can be shown in this way. At least, it leaves the question of mistake wholly to inference.

Cobb *vs.* Morris *et al.*

We do not say that when an award is shockingly contrary to the evidence, it may not be attacked. We incline to think that under a subsequent clauses to the one which we have quoted, (to wit: that which use the words "otherwise illegal,") this may be done. If there was a specification that the award was contrary to the evidence, and so much so as to shock the moral sense, and the whole evidence were set forth, it might make a case of *illegality*.

But there was here, no such undertaking, the specification set forth certain definite mistakes committed by the arbitrators, and did not pretend to set forth all the evidence, nor was this attempted by the proof.

How could the jury find that the award was contrary to the evidence, so as to shock the moral sense, unless it affirmatively appeared that the *whole* of the evidence was before them?

As to the point made on the competency of Mr. Cobb as a witness: in the first place, it does not appear in the bill of exceptions, that any such ruling was made by the Judge. Nothing is said about it in the history of the trial, or in the brief of the testimony embodied in the bill of exceptions. In the rule *nisi* for a new trial it *is stated*; but the Judge overruled that generally, and it may be that he refused the rule on this point, because no such error was committed. We do not know; the Judge has not in any part of the bill of exceptions certified that he made any such ruling; all he says, is that a motion was made to set aside the verdict on that ground among others, and he overruled the motion. He *may* have done that because the facts were not as set forth in the rule *nisi*.

But why is not Cobb here strictly within the exception to the act of 1866? The suit was brought by Morris—the dispute was as to matters that had occurred between them. Morris was dead. In such a case the Statute says, the other party is not a competent witness in his own behalf. The Statute says, issues of this sort are to be tried "under the same rules and regulations as are prescribed for the trial of appeals." That it is a matter growing out of an arbitration,

cannot, as it seems to us, change the rule. An arbitration is not done in a corner. The issue here was only as to what occurred before them; Cobb could have no special knowledge on the subject. The arbitrators, anybody, who knew what transpired, might prove what Cobb swore; anybody who heard him, because the issue now on trial was not what was the truth, but what was sworn to before the arbitrators.

It was admitted in the argument that Cobb was not introduced to prove what occurred before the arbitrators, but to show by his books and his statements what was the truth in the controversy. As we have said, this was not the issue, and it was proper to exclude him for this reason.

We think the jury did rightly in finding for the award, if for no other reason, for the patent one that there was *no* proof of mistake; but also because they had no right to infer anything upon the subject, until it was made affirmatively to appear that all the evidence, heard by the arbitrators, had been adduced to the jury.

Judgment affirmed.